IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 4, 2012

# DAWN LOUISE BURNETT v. DENNIS ERVIN BURNETT

**Appeal from the Circuit Court for Monroe County**
**No. V11202P     Lawrence Howard Puckett, Judge**

---

**No. E2011-02297-COA-R3-CV-FILED-MAY 22, 2012**

---

This case involves the sufficiency of notice given to an incarcerated party in a divorce proceeding. Wife filed for divorce and sent Husband notice of a hearing for approval of Wife's temporary parenting plan. Although Father was not present at the hearing, the trial court entered a final decree of divorce in favor of Wife, assigning the majority of the marital debt to Husband. Husband appealed, asserting that he was not properly notified that the hearing would concern issues other than a temporary parenting plan. Vacated and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Dennis E. Burnett, Mountain City, Tennessee, for the appellant, pro se.

Doris A. Matthews, Madisonville, Tennessee, for the appellee, Dawn Louise Burnett.

## MEMORANDUM OPINION[1]

Plaintiff/Appellee Dawn Louise Burnett and Defendant/Appellant Dennis Ervin

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Burnett were married on April 8, 2000. They have one child, born in 1994.

Ms. Burnett filed a complaint for absolute divorce on June 7, 2011, alleging the ground of inappropriate marital conduct. The complaint asked that Mr. Burnett be ordered to pay all his business and personal debts. At the time of the divorce, and throughout this appeal, Mr. Burnett has been incarcerated at Northeast Correctional Complex, in Mountain City, Tennessee.

With her complaint, Mother submitted a proposed temporary parenting plan seeking sole custody of the couple's child. Accordingly, on June 7, 2011, Ms. Burnett filed a notice, which was sent to Mr. Burnett, notifying him that a hearing for approval of Ms. Burnett's proposed temporary parenting plan was scheduled for August 29, 2011.

On July 11, 2011, the circuit court clerk filed Mr. Burnett's *pro se* response to the complaint for divorce. The response denied the material allegations contained in the complaint, and specifically asked that all property and debts incurred during the marriage be divided equally. Mr. Burnett also asked that the trial court "not move forward on this cause at this time until all issues are met." With regard to the parenting plan, Mr. Burnett raised many objections, including the fact that Ms. Burnett had allegedly not allowed Mr. Burnett to contact the child via the telephone or through the mail.

The hearing was held on August 29, 2011. Mr. Burnett was not present. Although the notice stated that the hearing concerned merely the entry of a temporary parenting plan, the trial court heard the entire divorce complaint. Accordingly, the trial court entered a final decree of divorce in favor of Ms. Burnett. Ms. Burnett was awarded sole custody of the child, and all property of the marriage that was not in Mr. Burnett's possession, including three vehicles, and all equipment, tools and products associated with Mr. Burnett's granite business. Ms. Burnett was ordered to pay the outstanding debt on one of the vehicles awarded to her. Mr. Burnett was ordered to pay all his individual, business, and tax debts.[2]

Mr. Burnett timely appealed. The sole issue on appeal is whether the trial court erred in entering a final divorce decree after the August 29, 2011 hearing when Mr. Burnett was notified only that the hearing concerned the entry of a temporary parenting plan. We conclude that it did.

Rule 5.01 of the Rules of Civil Procedure provides, in pertinent part:

---

[2] The trial court's order does not reflect whether the trial court considered the business and tax debts marital or separate property.

Unless the Court otherwise orders, every order required by its terms to be served; every pleading subsequent to the original complaint; every paper relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, **every written notice**, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties . . . .

(emphasis added). Accordingly, Rule 5.01 required Ms. Burnett to send notice of the hearing on the divorce complaint to Mr. Burnett. While notice was sent to Mr. Burnett, the notice conveyed only that the trial court was to consider the entry of a temporary parenting plan. However, "[b]asic due process requires 'notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Keisling v. Keisling*, 92 S.W.3d 374, 377 (Tenn. 2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Reasonable notice is notice "such as one desirous of actually informing the absent party might reasonably adopt." *Burden v. Burden*, 313 S.W.2d 566, 570 (Tenn. Ct. App. 1958) (citing *Mullane*, 339 U.S. at 314). Notice that the trial court is going to conduct a hearing on a temporary parenting plan is not notice reasonably calculated to inform Mr. Burnett that the trial court is going to hear all the issues in the divorce.

Although Mr. Burnett is incarcerated, he is still entitled to "reasonable access to the courts." *Bell v. Todd*, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005). Reasonable access to the courts requires that Mr. Burnett "be afforded a fair opportunity to present his [] side of the controversy." *Id.* (citing *Knight v. Knight*, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999)). Because Mr. Burnett did not receive proper notice that the trial court would adjudicate all issues in the divorce at the August 29, 2011 hearing, Mr. Burnett was not afforded a fair opportunity to present his side of the controversy. Accordingly, he was denied reasonable access to the courts.[3]

---

[3] On remand, Mr. Burnett should be allowed a fair opportunity to present his side of the controversy. However, the manner and extent to which Mr. Burnett may be allowed to participate in this proceeding on remand is left to the discretion of the trial court. As this court stated in *Knight v. Knight*, 11 S.W.3d 898 (Tenn. Ct. App. 1999):

The court's discretion should be exercised after balancing the interest of the prisoner against the interests of the other parties and the state, including the authorities having custody of the prisoner. . . .

(continued...)

Even Ms. Burnett agrees that Mr. Burnett was not given proper notice in this case. On November 10, 2011, Ms. Burnett filed a motion with this Court, asking that the matter be remanded to the trial court for further consideration.[4] Further, in her brief, Ms. Burnett acquiesces in remanding this matter for reconsideration in order to allow Mr. Burnett to receive proper notice. Accordingly, we vacate the final decree in this case and remand for reconsideration of the divorce and property issues after Mr. Burnett is afforded proper notice of the hearing.[5]

The judgment of the Circuit Court of Monroe County is vacated and this cause is remanded for further proceedings in accordance with this opinion. Costs of this appeal are taxed to Appellee Dawn Louise Burnett, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[3](...continued)
> "In making his determination the [] judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition."

*Id.* at 904–05 (quoting **Stone v. Morris**, 546 F.2d 730, 735–36 (7th Cir. 1976)).

[4] By order of November 21, 2011, this Court deferred ruling on Ms. Burnett's motion until after transmission of the record. Mr. Burnett also requested that this Court remand the matter on November 28, 2011. By order of December 21, 2011, this Court likewise deferred consideration of Mr. Burnett's request.

[5] We note that the child at issue is no longer a minor. As such, the trial court need not reconsider the permanent parenting plan.